UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRAVELERS CASUALTY & SURETY          )
COMPANY OF AMERICA,                  )
                                     )
            Plaintiff,               )
                                     )
    vs.                              )          04 C 8210
                                     )
CHERYL HAUGHT,                       )
                                     )
            Defendant.               )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the appeal of Travelers Casualty and Surety Company of America ("Travelers") of the November 9, 2004, order of the Bankruptcy Court dismissing its adversary complaint against Cheryl Haught. For the reasons set forth below, we reverse the judgment of the bankruptcy court and remand the case for further proceedings.

## BACKGROUND

The following factual synopsis is derived from the allegations of the adversary complaint, which we must accept as true for purposes of reviewing the grant of a motion to dismiss, and matters within the public record of the bankruptcy proceeding,

of which we may take judicial notice. <u>Anderson v. Simon</u>, 217 F.3d 472, 474–75 (7th Cir. 2000) (judicial notice); <u>Bontkowski v. First Nat'l Bank of Cicero</u>, 998 F.2d 459, 461 (7th Cir. 1993) (accepting facts as true).

Appellee Haught was a debtor in a Chapter 7 bankruptcy proceeding that underlies the adversary action on appeal. According to the allegations of the adversary complaint, a probate estate was opened in a Cook County, Illinois, probate court in November 2000, of which Haught was appointed administrator. In accordance with her consequent duties, Haught was required to provide a surety bond. She obtained issuance of a $258,000 bond from Travelers. The sole heir to the estate was Kelly Moore.

When Haught filed the final account of the financial status of the estate with the probate court, Moore objected to the account. In February 2004, before the probate case came to judgment, Haught filed her bankruptcy petition. The automatic stay took effect, and the first meeting of Haught's creditors was set for April 13, 2004. The court set a deadline for objections to dischargeability of any debts of June 14, 2004, pursuant to the dictates of Bankruptcy Rule 4007(c).

On April 16, Moore obtained relief from the automatic stay to enforce her rights against Travelers as surety for Haught. Four days later, the probate court entered a judgment of $32,000 in Moore's favor. On June 10, three days before the expiration

of the period allowed for objections to dischargeability, Moore moved for a 60-day extension of the deadline, on the grounds that the $32,000 debt may have resulted from a fraudulent transfer and thus was potentially nondischargeable. The court granted her motion and set a new deadline for Moore of August 14, 2004.

The day before the new August 14 deadline, Travelers paid the judgment owed Moore and filed the complaint at issue here, claiming that it was subrogated to the rights of Moore and the estate against Haught and alleging that the $32,000 debt was not dischargeable pursuant to 11 U.S.C. § 523(a)(4). Haught moved to dismiss the complaint on two grounds. First, she contended that the extension granted to Moore did not apply to Travelers, so the complaint, filed after the original June 14 deadline, was untimely filed. Second, she averred that the complaint did not state a claim that could give rise to relief under the Bankruptcy Code.

On November 4, 2004, the bankruptcy court dismissed the complaint for failure to satisfy the time requirements of Rule 4007(c). The court did not discuss the alternative ground offered by Haught that the complaint, if considered timely filed, failed to state a cognizable claim for relief. This appeal followed.

## LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a). A bankruptcy court's

grant of a motion to dismiss an adversary complaint is a final order. See In re Riggsby, 745 F.2d 1153, 1154 (7th Cir. 1984). In reviewing a bankruptcy decision, we examine findings of fact for clear error and legal conclusions de novo. In re Heartland Steel, Inc., 389 F.3d 741, 743–44 (7th Cir. 2004). Bankruptcy Rule 7012(b) provides that Federal Rule of Civil Procedure 12(b) applies to bankruptcy proceedings. A complaint should not be dismissed pursuant to Rule 12(b) unless it is apparent from its face that the plaintiff cannot show any set of facts that could warrant relief. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957).

## DISCUSSION

The bankruptcy court premised the dismissal of the complaint on the issue of the timeliness of its filing, disagreeing with Travelers' contention that its claimed status as subrogee of Moore allowed it to take advantage of the filing extension that Moore had received. There is no dispute that Moore received the extension, nor that Travelers filed within the time allotted if the extension applied to it through Moore. Thus, the issue on appeal reduces to the proper interpretation of Rule 4007(c), a question of law that we review de novo.

Rule 4007(c) provides that:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)....On motion of a party in interest, after hearing on notice, the

> court may for cause extend the time fixed under this subdivision. The motion
> shall be filed before the time has expired.

As the bankruptcy court noted, many courts applying this rule have strictly enforced its provisions. See In re Barnes, 96 B.R. 833, 835 (Bankr. N.D. Ill. 1989). The case law is replete with examples of complaints being dismissed if they are filed even a short time after the 60-day deadline expires. See In re Meyer, 120 F.3d 66, 69 (7th Cir. 1997) (collecting cases). However, as the Seventh Circuit explained in Meyer, the proper focus for purposes of Rule 4007(c) should be whether a specific debt has been identified as potentially nondischargeable within the time allowed to raise challenges, not whether the party who eventually launches the challenge was the one who identified it in the first instance. See Meyer, 120 F.3d at 68. The identification of a contested debt by a party in interest within the time allowed by the rule ensures that the debtor will not be lulled into a false sense of finality that no further challenges can arise.

In this case, Moore's timely motion for extension alerted Haught within the time permitted by the rule that her ability to discharge the $32,000 debt was in question, at least until August 14. As far as Haught is concerned, Meyer makes clear that it is immaterial whether Moore or her successor in interest ultimately stepped up to file a complaint with respect to that debt. Although Meyer arose in the context of an assignment of a debt and this case involves subrogation, we can see no principled reason why the Seventh Circuit's interpretation of Rule 4007(c) for assignors and assignees should not apply with equal force when looking at subrogors and subrogees,

particularly in light of the equitable nature of rights arising through subrogation. See Dix Mut. Ins. Co. v. LaFramboise, 597 N.E.2d 622, 624-25, (Ill. 1992).

The cases cited by Haught and relied upon by the bankruptcy court do not dictate a contrary result, as none involved any formal action on the part of a creditor or its successor prior to the expiration of the court-established period for challenging dischargeability. In In re Riggsby, 66 B.R. 329, 330-31 (N.D. Ill. 1986), the initial indication that a challenge to the debt in question could lie was not filed with the court until 33 days after the deadline passed. In In re Shelton, 58 B.R. 746, 749 (Bankr. N.D. Ill. 1986), the plaintiff bank failed to either file an adversary complaint or move for an extension of time to file one before the initial 60-period came and went. In In re Kirsch, 65 B.R. 297, 299 (Bankr. N.D. Ill. 1986), 32 days elapsed between the expiration of the deadline and the filing of the adversary complaint, with no requests for extensions timely filed. The gap in In re Lottes, 226 B.R. 634, 636 (Bankr. E.D. Mo. 1998), and In re Duncan, 125 B.R. 247, 250 (Bankr. W.D. Mo. 1991), was about three months. It was six days in In re Marino, 195 B.R. 886, 890 (Bankr. N.D. Ill. 1996).

By contrast, In re Barnes allowed an adversary plaintiff to file an amended complaint beyond the 60-day window because the plaintiff had filed its original complaint timely. 96 B.R. at 839. The court concluded that the amendment related back to the original timely filing, in part because both pleadings revolved around the same contested debt. See id. The court also noted that there was no basis to conclude that the debtor would be prejudiced by the later filing because of the earlier timely

challenge. See id.; see also In re Grant, 45 B.R. 265, 267–68 (Bankr. D. Me. 1984) (allowing subrogee to join timely motion of another subrogee when desire to join had been made prior to expiration of deadline and the debtor suffered no prejudice from the addition). The final case cited by Haught, In re Lagrotteria, is inapposite in that it involved extensions obtained by a trustee, rather than by a party in interest. 42 B.R. 867, 870 (Bankr. N.D. Ill. 1984).

We conclude that the bankruptcy court erred in concluding that the extension applied for and received by Kelly Moore for an extra 60 days in which to file a challenge to the dischargeability of the $32,000 judgment debt did not apply to Travelers, her subrogee. Because this was the sole expressed reason for the dismissal of the complaint, we do not examine the additional question advanced by Travelers, namely whether the claim at issue is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## CONCLUSION

Based on the foregoing analysis, we reverse the decision of the bankruptcy court and remand the case for further proceedings consistent with this opinion.


Charles P. Kocoras
Chief Judge
United States District Court


Dated:     March 16, 2005